**William R. FRANKLIN, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 6121.**

District of Columbia Court of Appeals.

Argued May 18, 1972.

Decided June 7, 1972.

Robert Case Liotta, Washington, D. C., appointed by this court, for appellant.

James F. McMullin, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and Robert P. Watkins, Asst. U. S. Attys., were on the brief, for appellee.

Before KERN, NEBEKER and YEAGLEY, Associate Judges.

PER CURIAM:

Appellant appeals from a judgment of conviction for burglary in the second degree. D.C.Code 1967, § 22–1801(b) (Supp.

V, 1972). He contends (a) that the trial court should have granted his motion to dismiss the indictment or, alternatively, his request for a bill of particulars, (b) that the trial court should have instructed the jury that upon the evidence adduced it might, if it chose, find him guilty of the lesser included offense of unlawful entry, and (c) that the evidence was not sufficient to support the judgment.[1]

■ The common theme running through all of appellant's contentions is that appellant and his co-defendant entered Hecht's Department Store as members of the general public implicitly invited to shop therein and that there was no evidence of intent on their part to commit a crime *at the time* they had entered, as the statute requires.[2] There is evidence in the record before us, however, that appellant and his co-defendant were observed in Hecht's dressed in "stockroom jackets" of a kind worn by department store personnel, carrying "inflatable" shopping bags of a kind commonly used by professional shoplifters, and walking in areas of the store where employees rather than customers would normally be. Under these circumstances, we cannot conclude either that the evidence concerning appellant's intent to commit a crime, *i.e.,* theft, at time of entry was insufficient to support the judgment of conviction for second degree burglary, *see* Hopkins v. United States, D.C.App., 274 A.2d 418 (1971), or that the rulings of the trial court challenged by appellant constitute error affecting substantial right, D.C.Code 1967, § 11–721(e) (Supp. V, 1972).

■ We note that *after* the appeal of this case had been noted the trial court purported to reduce the sentence it had im-posed. Since the case was on appeal at the time, the court had no authority to take such action. King v. United States, D.C. App., 271 A.2d 556, 559 (1971). The trial court's order of December 1, 1971, purporting to reduce the sentence is hereby vacated. This is without prejudice of course to the trial court reducing the sentence imposed at any time within 120 days after the mandate herein is issued by this court in this case. *See* D.C.Super. Crim.Rule 35(a).

Judgment Affirmed.

1. Appellant also alleges that he was prejudiced by certain language used by the trial court in its charge because it confused the jury, but he did not object at trial and we find no plain error justifying reversal.

2. The statute provides in pertinent part:
   [W]hoever shall . . . in the daytime . . . enter without breaking, any . . . store . . . with intent . . . to commit any criminal offense, shall be guilty of burglary in the second degree.
   The indictment charged appellant with entry into Hecht's "with intent to steal the property of another." *See* United States v. Thomas, 144 U.S.App.D.C. 44, 444 F.2d 919 (1971).