UNITED STATES of America

v.

**Dick Andrew GEE.**

**Crim. No. 70–H–53.**

United States District Court,
S. D. Texas,
Houston Division.

Aug. 21, 1972.

James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff.

David H. Berg, Houston, Tex., for defendant.

## ORDER

SINGLETON, District Judge.

The defendant, Dick Andrew Gee, pled guilty to the offense of willfully refusing to submit to induction in the armed forces in violation of 50 U.S.C. App. § 462(a). He was sentenced on May 7, 1970, to an indeterminate sentence not to exceed four years under 18 U.S.C. § 4208(a). No appeal was taken, and on June 4, 1970, Gee began the service of his sentence at the United States Reformatory at El Reno, Oklahoma.

Subsequently, on June 15, 1970, there was decided by the Supreme Court the case of Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970). This decision was such that, had it been decided prior to Gee's plea of guilty and been known to him and his counsel, the decision might have been made to plead not guilty to the charge and to defend on the basis of an invalid classification by the draft board.

On June 29, 1970, there was filed on behalf of Gee a document styled, "Motion to Vacate, Or In The Alternative, Modify Sentence." The time to appeal directly from the sentence (ten days after entry) had expired. However, a proceeding under 28 U.S.C. § 2255, like a petition for habeas corpus, can be filed at any time that the petitioner is under confinement. The motion filed on behalf of Gee was within 120 days after the imposition of sentence.

On December 2, 1970, Gee, who had been brought from El Reno to Houston on a writ of habeas corpus ad prosequendum issued by this court, was ordered released on bond during the pendency of the appeal by the United States which followed the vacation of the judgment of conviction by this court, 319 F.

Supp. 581. At that time he was credited by the prison authorities with six months and twenty days' time served and a balance of three years five months and nine days to be served. With *good* behavior he would have been subject to mandatory release, had his time not been interrupted two years six months and eight days from June 4, 1970, and could have been paroled at an earlier date under the sentence imposed. He has *continued in bail status* subsequent to December 2, 1970.

On December 22, 1971, the Court of Appeals reversed the decision of this court vacating the sentence, and on June 12, 1972, the Supreme Court denied certiorari.

In the opinion of the Court of Appeals there appeared the following language in Footnote 25 (452 F.2d 849, at 855):

"Gee filed his motion in the district court within approximately two weeks after he had entered a plea of guilty to the indictment. The motion sought to vacate, or in the alternative, to modify the sentence. We have reviewed only the final judgment of the district court which granted Gee's motion to vacate sentence and 'afforded' him a classification different from the one given by the board. The court did not specifically rule on the alternative ground of the motion which sought to modify the sentence. This alternative ground, which was expressly based upon Rule 35 F.R.Cr.P., alleged 'that the circumstances outlined above militate in favor of the reduction of the sentence imposed upon the defendant herein.' The alternative prayer of the motion was 'that the sentence pronounced upon him be reduced.' We do not reach the question whether the court has authority upon remand to reduce the sentence in accordance with Rule 35 F.R.Cr.P. That question is one which should be initially resolved by the district court. See Johnson v. United States, 235 F. 2d 459 (5th Cir. 1956); United States

v. Ursini, 296 F.Supp. 1152 (D.C. Conn.1968); 2 C. Wright, Fed. Practice & Procedure § 587, at 573 (1969). See also Lott v. United States, 309 F. 2d 115 (5th Cir. 1962), cert. denied, 371 U.S. 950, 83 S.Ct. 504, 9 L.Ed.2d 498 (1963)."

The motion filed on behalf of the defendant asserts jurisdiction both under 28 U.S.C. § 2255 and under Rule 35, F. R.Crim.P. The court acted on the motion as a petition under § 2255, and it was this action which was reviewed by the Court of Appeals. No formal disposition has been made of the motion in its other aspect, that is, as a motion to reduce sentence pursuant to Rule 35, F. R.Crim.P. In pertinent part, this rule reads as follows:

"The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction."

■ The intent of Rule 35 in situations such as this has not been made crystal clear by any decision to date. Accordingly, this court interprets the Rule to mean that when the motion is timely filed the court has the power to act at a later time. United States v. Ursini, 296 F.Supp. 1152 (D.C.Conn.1968). This must be the import of the Rule even in a collateral attack such as a 28 U.S.C. § 2255 motion when the Supreme Court has denied a writ for certiorari, the district court may act on the motion within 120 days of the Supreme Court's action, as is done here. Otherwise the language: "or having the effect of upholding a judgment of conviction" would be a useless phrase full of sound and fury signifying nothing. *See* Lott v. United States, 309 F.2d 115 (5th Cir. 1962).

■■ On either the theory that this court has yet to act on the Rule 35 mo-

tion filed on June 29, 1970, or the theory that the court is acting within the 120 day period after the Supreme Court's denial of certiorari, this court orders that the sentence imposed on May 7, 1970, be reduced to 5 months and 28 days time.

According to the mandate of Congress in the Bail Reform Act, 18 U.S.C. § 3568, "when a federal court imposes a sentence upon a defendant, that sentence begins to run from the date he, the prisoner, is received at the federal institution, and no judge or court may prescribe a different method." Scott v. United States, 434 F.2d 11 (5th Cir. 1970). The record reveals that Gee began service on his sentence on June 4, 1970. Therefore, he completed his sentence on December 2, 1970.

This is a final judgment.