Lawrence McDANIELS, Appellant,

v.

UNITED STATES, Appellee.

No. 11836.

District of Columbia Court of Appeals.

Argued Feb. 14, 1978.

Decided April 20, 1978.

Stuart Stiller, Washington, D. C., appointed by this court, for appellant.

Thomas J. Tourish, Jr., Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, and Michael W. Farrell, Asst. U. S. Attys., Washington, D. C., were on brief, for appellee.

Before NEWMAN, Chief Judge, GALLAGHER, Associate Judge, and PRYOR, Associate Judge, Superior Court of the District of Columbia.*

PER CURIAM:

On July 15, 1975, appellant was sentenced to a term of imprisonment of five to fifteen years after pleading guilty to second degree burglary (D.C.Code 1973, § 22–1801(b)). Execution of sentence was suspended and appellant was placed on probation for five years. As a condition of probation, he was ordered to enter an in-patient drug rehabilitation program known as RAP, Inc. Appellant did not complete the program and on January 28, 1976, the court, after a hearing, revoked his probation. Appellant began service of his sentence on that date. On April 21, 1976, appellant filed a pro se motion for reduction of his sentence. A hearing on the motion was held on June 10, 1976, at which time the court indicated it was inclined to grant the motion and to reinstate probation, but was uncertain whether it had authority to do so. The matter was taken under advisement, and on January 21, 1977, the court issued a written order denying appellant's motion for reduction of sentence on the ground that under Super.Ct.Cr.R. 35(a), it lacked jurisdiction to entertain the motion as untimely filed. This appeal followed. We conclude the trial court did not err in holding that it was without authority to reduce appellant's sentence and affirm.[1]

Super.Ct.Cr.R. 35(a) provides:
The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided by law.[2]

It is apparent from the rule that the trial court may reduce a sentence within 120 days of three separate events, only one of which (imposition of sentence) is relevant to appellant. An exception to the 120-day time limitation is expressed in the last sentence of Rule 35 which provides that the court may reduce a sentence upon revocation of probation. That sentence was added to the federal rule in 1966 "to make it clear that the time limitation imposed by Rule 35 upon the reduction of a sentence does not apply to such reduction upon the revocation of probation . . .." Advisory Commit-

---

* Sitting by designation pursuant to D.C.Code 1973, § 11–707(a).

1. The government also argued below that, even assuming proper jurisdiction, the trial court had no authority to place appellant on probation once he began service of his sentence. The trial court rejected this argument. Our disposition of this appeal renders it unnecessary for us to reach that issue.

2. Super.Ct.Cr.R. 35(a) is identical to Fed.R. Crim.P. 35 and will be construed in light of the interpretation given to the latter by the federal courts. The Superior Court rule has, in addition, paragraphs (b) and (c) which are not relevant to this appeal.

tee Note to Rule 35, Fed.R.Crim.P. (1966). Thus, the court may reduce a sentence, the execution of which was suspended, upon revocation of probation even though more than 120 days has elapsed since the imposition of sentence. The last sentence of Rule 35 is the sole exception to the 120-day time limitations, however. The time periods of Rule 35 are jurisdictional and may not, under any circumstances, be enlarged by the trial court.[3] Super.Ct.Cr.R. 45(b); *see also United States v. United States District Court,* 509 F.2d 1352 (9th Cir.), *cert. denied,* 421 U.S. 962, 95 S.Ct. 1949, 44 L.Ed.2d 448 (1975); *United States v. Ellenbogen,* 390 F.2d 537 (2d Cir.), *cert. denied,* 393 U.S. 918, 89 S.Ct. 241, 21 L.Ed.2d 206 (1968).

Since appellant was sentenced in July 1975, the 120-day period permitted to reduce sentence after its imposition had long expired before appellant, in April 1976, filed his motion for reduction of sentence. Thus, the only course open to the trial court to reduce sentence was "upon revocation of [appellant's] probation." Appellant urges this court to interpret "upon" revocation to permit a motion for reduction to be filed within 120 days after revocation of probation.

In *United States v. Kahane,* 527 F.2d 491 (2d Cir. 1975), the defendant was sentenced in 1971 to a term of imprisonment of five years. Execution of sentence was suspended and he was placed on five years' probation. In 1975, his probation was revoked, but the court reduced the sentence to be served to one year. The defendant subsequently moved for a further reduction of his one-year prison term. The district court denied the motion on the ground, *inter alia,* that since more than 120 days had elapsed since imposition of sentence, it had lost the power to reduce the sentence. The Second Circuit affirmed and stated that

. . . [S]ince sentence was actually imposed in 1971, the 120-day period permitted by the rule had long run before the 1975 revocation. The 120-day period following imposition of the sentence began in 1971, notwithstanding the suspension at the time of the imposed sentence.

Thus, the district court's power to reduce Kahane's prison term in 1975 was dependent solely on the last sentence of the rule. *That power was exercised and exhausted when the court reduced the sentence from five years to one.* [*Id.* at 492; emphasis added; citations omitted.]

■ Appellant contends, nevertheless, that in light of previous liberal interpretations of Rule 35,[4] this court should not strictly construe the language "upon revocation" to mean "at the time of revocation," but treat appellant as if he were, in fact, sentenced on the date on which probation was revoked and permit the filing of the motion within 120 days of the actual revocation. We decline appellant's invitation and choose to accept the reasoning of the Second Circuit. To hold otherwise would be to ignore the fact that sentence was actually imposed on appellant in July 1975. At his probation revocation hearing, appellant had the opportunity to present supplemental information to the court in support of a plea for leniency that his probation should not be revoked, but that if the court deemed revocation appropriate, at least his original sentence should be reduced. This procedure is entirely consistent with the policies of Rule 35: to give the defendant a second chance with the sentencing judge and to give the court an opportunity to reconsider the sentence in light of additional information supplied to it by the defendant. *United States v. Ellenbogen, supra.*

---

**3.** The rule frequently has been interpreted, however, to allow a court to act upon the motion beyond the 120-day period if the defendant filed the motion to reduce within the time period. *See, e. g., United States v. Stollings,* 516 F.2d 1287 (4th Cir. 1975); *United*

States v. United States District Court, 509 F.2d 1352 (9th Cir.), *cert. denied,* 421 U.S. 962, 95 S.Ct. 1949, 44 L.Ed.2d 448 (1975).

**4.** *See, e. g.,* note 3 *supra,* and cases cited therein.

The order denying the motion for reduction of sentence is

*Affirmed.*