**Harold E. BROWN, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 79–426.

District of Columbia Court of Appeals.

Argued Jan. 9, 1980.

Decided Feb. 4, 1980.

Robert M. Ross, Washington, D. C., appointed by this court, with whom Glenn H. Carlson, Washington, D. C., was on the brief, for appellant.

Michael W. Farrell, Asst. U. S. Atty., Washington, D. C., with whom Carl S. Rauh, U. S. Atty., Washington, D. C., at the time brief was filed, and John A. Terry, Richard W. Hausler, and Margaret Ellen, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before KELLY, NEBEKER, and FERREN, Associate Judges.

PER CURIAM:

Harold E. Brown appeals from the trial court's denial of his motion for reconsideration of sentence as untimely filed under Super.Ct.Cr.R. 35(a). We agree with the trial court that it could not properly consider the motion on the merits; we affirm.

Brown pleaded guilty to one count of armed robbery on October 28, 1975. On December 10, 1975, he was sentenced to a term of 10 to 40 years, to run consecutively to any other sentence being served. Brown filed a motion to vacate that sentence as provided by D.C.Code 1973, § 23–110, in February 1977.[1] The trial court denied that motion in March 1977; this court subsequently affirmed the trial court's denial by an unpublished memorandum opinion and judgment. *Brown v. United States*, No. 12329 D.C.App., Aug. 2, 1978. Brown then filed a motion for reconsideration of his sentence under Super.Ct.Cr.R. 35(a). That rule provides:

> The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided by law.

The government opposed the motion as untimely, arguing that 120 days had long passed since sentencing. Brown contends, however, that the rule permits reconsideration of a sentence within 120 days "after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal," and that this court's affirmance of the trial court's rejection of his § 23–110 motion triggers the start of a new 120-day filing period for a Rule 35(a) motion.

Like the trial court, we reject Brown's argument. It rests on the assumption that an affirmance of a § 23–110 motion is an affirmance of "the judgment" for Rule 35(a) purposes. But a § 23–110 attack is not a challenge of "the judgment"; that section provides a procedure distinct from a direct appeal. *See Atkinson v. United States*, D.C.App., 366 A.2d 450, 452 (1976).[2] Thus, we cannot read Rule 35(a) as permitting a new motion for reconsideration of sentence whenever a § 23–110 petitioner has been rebuffed at the appellate level.

Our interpretation, however, is not based solely on a technical distinction between direct appeals and § 23–110 proceedings. The proper functioning of Rule 35(a) requires that we reject Brown's argument. Unlike a direct appeal, a § 23–110 motion "may be made at any time." D.C.Code 1973, § 23–110(b). This absence of a filing deadline provides a convicted defendant a liberal opportunity to challenge certain illegalities in sentencing. It does not follow, however, that the rejection of each § 23–110 motion by the trial court and, ultimately, by this court, should trigger a new right to file a Rule 35(a) motion for reconsideration of sentence. This interpretation would effectively obliterate the filing deadlines imposed in Rule 35, thus exposing the trial court to frequent and repeated arguments for leniency which are more properly addressed to the Board of Parole. *Cf. United States v. Addonizio*, 442 U.S. 178, 99 S.Ct.

---

1. The pertinent provisions of D.C.Code 1973, § 23–110, state:

   (a) A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

2. Title 28 U.S.C. § 2255 (1976) provides a procedure on the federal level comparable to a § 23–110 motion. *Pettaway v. United States*, D.C.App., 390 A.2d 981, 983 (1978). The § 2255 procedure has been characterized as "an independent civil proceeding [which] is not a part of the proceedings in the criminal case in which the sentence attacked was imposed." *Rosecrans v. United States*, 378 F.2d 561, 565–66 (5th Cir. 1967) (footnote omitted). *Accord, Womack v. United States*, 129 U.S.App.D.C. 407, 395 F.2d 630 (1968).

2235, 60 L.Ed.2d 805 (1979) (decision as to when a lawfully-sentenced defendant should be released is entrusted to the discretion of the Parole Commission).

We have construed the Rule 35 filing deadlines strictly, *see McDaniels v. United States*, D.C.App., 385 A.2d 180, 182 (1978) (Rule 35(a) time periods are jurisdictional and may not be enlarged by the court), as have the federal courts in interpreting the identical Fed.R.Crim.P. 35(a). *See Addonizio, supra* at 2242 (same); *see also In re United States v. Cole*, 588 F.2d 56 (4th Cir. 1978), *cert. denied*, 440 U.S. 927, 99 S.Ct. 1262, 59 L.Ed.2d 483 (1979); *Knight v. Warden*, 583 F.2d 1071 (8th Cir. 1978).[3] We conclude that Brown did not file his Rule 35(a) motion within the applicable deadline here.

*Affirmed.*

---

**3.** Brown cites *United States v. Gee*, 56 F.R.D. 377 (S.D.Tex.1972) as a case in which a trial court entertained a Rule 35(a) motion more than 120 days after sentencing but within 120 days of a Supreme Court denial of *certiorari* stemming from a § 2255 attack. In *Gee*, however, a motion "assert[ing] jurisdiction both under 28 U.S.C. § 2255 and Rule 35" was filed within 120 days of sentencing. *Id.* at 379. Although the trial court passed on the motion as a § 2255 collateral attack, it retained jurisdiction over the Rule 35 motion, which it considered after the denial of *certiorari*. *Gee*, therefore, is inapposite here, where neither the collateral proceeding nor the Rule 35 motion was filed within 120 days of sentencing.