The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Wade Alexander NIX, Defendant-Appellant.

Nos. 79CA0109, 79CA0110 and 79CA0111.

Colorado Court of Appeals, Division III.

April 10, 1980.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., David K. Rees, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Paul E. Valentine, Fort Collins, for defendant-appellant.

VAN CISE, Judge.

Defendant, Wade Alexander Nix, appeals the judgments modifying the sentences in each of three cases, No. 6490 (Court of Appeals No. 79CA0111) (theft by receiving), No. 77–54 (Court of Appeals No. 79CA0110) (assault in the second degree), and No. 77–287 (Court of Appeals No. 79CA0109) (perjury in the first degree), all class 4 felony convictions. We remand all three cases for modifications in the sentences.

By stipulation in March 1976, defendant pled guilty in 6490 and judgment and sentence was deferred for two years. In 1977, he was arrested for and convicted of assault in the second degree, No. 77–54, a violation of § 18–3–203, C.R.S. 1973, and the deferred sentence in 6490 was revoked. Pursuant to agreement, defendant was sentenced on March 11, 1977, in 6490 and 77–54, to concurrent terms of two to ten years in the state reformatory.

On May 12, 1978, defendant was sentenced in 77–287, the third offense involved in this appeal, to three years in community corrections. On the same date, the court changed the sentences in the prior two cases to three years in community corrections. All sentences were to be served concurrently.

Later, defendant violated the terms of his contracts with community corrections. At a revocation proceeding in December 1978, the court resentenced defendant to terms of indeterminate to ten years in 6490, and two to ten years in 77–54 and 77–287, all to be served concurrently in the state reformatory.

On April 2, 1979, following the announcement of *People v. Johnson*, Colo.App., 594 P.2d 601 (1979), on the court's own motion these sentences were "corrected" to indeterminate to three years in 6490, two to three years in 77–54, and two years eleven months to three years in 77–287, all to be served concurrently in the reformatory. In each sentence it was provided that credit was given on both the minimum and maximum sentences for 166 days spent in community corrections.

Defendant on this appeal has asked us to review the sentencing in 77–287 and the credits for presentence confinement in all three cases. However, in the process of reviewing the records, we find irregularities in the sentencing in all three.

### I.  No. 6490

■ We assume that, at the time the guilty plea in 6490 was received and accepted, defendant had no prior felony convictions within the previous five years. Based on that assumption, the March 11, 1977, sentence of two to ten years to the reformatory was incorrect. The ten year maximum was permissible, *see* §§ 18–1–105(2), 16–11–101(1)(b) and 16–11–302, C.R.S. 1973 (now in 1978 Repl.Vol. 8), but there should have been no minimum other than indeterminate. *See* §§ 16–11–101(1)(b), 16–11–302, and 16–11–304(2)(a), C.R.S. 1973 (1978 Repl. Vol. 8). The sentence was not void because the minimum was for a definite period of time; it should have been treated as if it had specified indeterminate, § 16–11–303, C.R.S. 1973 (1978 Repl.Vol. 8); *People v. Sandoval*, 36 Colo.App. 403, 541 P.2d 105 (1975), and the trial court could correct the irregularity at any time. *Sandoval, supra*; Crim.P. 35(a).

■ In May 1978, the Department of Institutions, *see* § 17–27–106(4)(a), C.R.S.

1973 (1978 Repl.Vol. 8), not the court, had the authority, in a proper case, to change the place of confinement from the reformatory to community corrections. *See* § 17–27–105(1)(a), C.R.S. 1973 (1978 Repl.Vol. 8). Furthermore, the court had no jurisdiction, after the passage of 120 days from the date of the original sentence, to reduce the sentence to three years. *People v. Lyons*, Colo. App., 585 P.2d 916 (1980); *People v. Johnson, supra.* Therefore, the sentence reduction was void.

■ In December 1978, the "resentencing" to indeterminate to ten years in the reformatory had the effect of correcting the irregularity in the March 1977 two to ten year sentence. Accordingly, the April 1979 effort to "correct" the sentence, being more than 120 days after the original sentence, was void for lack of jurisdiction.

Therefore, defendant's sentence in 6490 dates from March 11, 1977, and is for a term of indeterminate to ten years. He is entitled to credit for any presentence or post-sentence time served in the county jail, reformatory, or community corrections with respect to this offense. The sentence is to be served concurrently with the sentences in 77–54 and 77–287.

## II. No. 77–54

■ When defendant was sentenced in March 1977 in 77–54 for committing an assault in the second degree, a crime of violence, § 16–11–309(2), C.R.S. 1973, he had previously been convicted in 6490. Therefore, he was not eligible for an indeterminate sentence, *see* § 16–11–101(1)(d), C.R.S. 1973, and the minimum had to be not less than two years. Sections 16–11–101(1)(d) and 16–11–309(2) and (3), C.R.S. 1973. Therefore, the original sentence of two to ten years in the reformatory was permissible.

In May 1978, the court had no authority to change the place of confinement to community corrections, *see* § 17–27–102(4) and 17–27–105(1)(a), C.R.S. 1973, or to modify the sentence. Therefore, this sentence was void for lack of jurisdiction. *People v. Lyons, supra.*

■ In December 1978, the court "resentenced" him to two to ten years in the reformatory. Since the May 1978 sentence was void for lack of jurisdiction, in effect, this merely confirmed the original sentence. The April 1979 effort to modify was also void for lack of jurisdiction.

Therefore, defendant's sentence in 77–54 dates from March 11, 1977, and is for a term of two to ten years, to be served concurrently with the sentences in 6490 and 77–287. He is entitled to credit on both the minimum and maximum terms for any presentence or post-sentence time served in jail, reformatory, or community corrections with respect to this offense.

## III. No. 77–287

■ In this case, the original sentence was imposed in May 1978, and was for three years in community corrections. There was no minimum, although § 16–11–101(1)(d) required, where the offender had a prior felony conviction, a minimum sentence of not less than two years. Also, he was not eligible for community corrections because of his prior conviction in 77–54, a crime of violence. *See* § 16–11–309(2), § 17–27–102(4) and § 17–27–105(1)(a). C.R.S. 1973 (1978 Repl.Vol. 8). Therefore, the sentence was illegal.

■ When the court "resentenced" him in December 1978 to two to ten years in the reformatory, the place of confinement, *see* §§ 17–27–103(3) and 17–27–104(3), C.R.S. 1973 (1978 Repl.Vol. 8), and the two year minimum were permissible. However, the ten year maximum exceeded the original three year sentence, and was improper. In April 1979, the court "corrected" the sentence to two years eleven months to three years. Reimposing the three year maximum was proper, but increasing the minimum enhanced the punishment and was beyond the court's authority. *See People v. Johnson, supra.*

On the record in this case, the sentence in 77–287 should date from May 12, 1978, and must be for a term of two to three years in

the reformatory, to be served concurrently with the sentences in 6490 and 77–54. Defendant is entitled to credit on both the minimum and maximum terms for any presentence or post-sentence time served in jail, reformatory, or community corrections with respect to this offense.

The causes are remanded with directions to determine the amount of credit to which defendant is entitled, to correct the sentence and judgment, and to issue an amended mittimus in each case consistent with this opinion.

PIERCE and BERMAN, JJ., concur.