**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ricardo Antonio GONZALEZ–PEREZ,
Defendant–Appellant.**

**No. 79–4021
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit B

Nov. 5, 1980.

**1082**

Fine, Jacobson, Block, Klein, Colan & Simon, Theodore Klein, Miami, Fla., for defendant–appellant.

Linda Collins Hertz, Asst. U. S. Atty., Miami, Fla., for plaintiff–appellee.

Before RONEY, FRANK M. JOHNSON, Jr. and HENDERSON, Circuit Judges.

PER CURIAM:

Ricardo Antonio Gonzalez–Perez appeals from the dismissal of his motion to reduce his sentences for conspiracy to unlawfully import narcotics and unlawful importation of narcotics. Rule 35, Fed.R.Crim.P.

The appellant was tried and convicted of these offenses by a jury in the Southern District of Florida. Two fifteen–year concurrent sentences were imposed on July 3, 1969. Claiming a Fourth Amendment violation, the appellant directly appealed to this court. A panel of this court affirmed in *United States v. Gonzalez–Perez*, 426 F.2d 1283 (5th Cir. 1970), and duly issued its mandate on June 24, 1970. Upon receipt of the mandate the district court, on July 2, 1970, issued its order that appellant surrender for the service of his sentence. The appellant failed to appear however, and a warrant for his arrest was issued on July 21, 1970. More than eight years after he disappeared, he was captured in Ecuador where he had returned to his wife and their young handicapped child. The United States marshal reacquired custody of the appellant on November 16, 1978.

Within three months of his return, appellant petitioned the district court to modify his sentence. This motion was denied on February 4, 1979 for lack of jurisdiction of the district court because the motion had not been timely filed pursuant to Rule 35, Fed.R.Crim.P. On May 14, 1979, the appellant filed in the United States Supreme Court a petition for a writ of certiorari to this court, seeking a review of the June, 1970 conviction. Certiorari was denied by the Supreme Court without explanation on June 18, 1979. On July 16, 1979, within the 120–day period provided by Rule 35, the appellant filed a renewed motion for reduction of sentence with the district court. The court denied this second motion for lack of jurisdiction also, at which point the current appeal was initiated.

The appellant takes the unique position that, by its literal terms, Rule 35 confers jurisdiction upon the district court to reduce a sentence when a motion is filed within 120 days of any order of the United States Supreme Court denying certiorari. The appellee, on the other hand, would have us read into the rule a requirement that only denial of a *timely* application for certiorari as determined by Rule 22 of the Supreme Court Rules would initiate a new

120–day delay. Supreme Court Rule 22 allows 30 days after the entry of a court of appeals judgment to file a timely petition for writ of certiorari. A justice of the Court can, for good cause shown, extend the time to apply for a writ for a period not to exceed 30 days. Sup.Ct.R. 22. An application for additional time within which to file must be made, presented and served on all parties and must state with specificity the reasons justifying an extension. Sup. Ct.R. 22(4), 34(3). Because Supreme Court Rule 22 is not jurisdictional however, it can be relaxed by the Court in the exercise of its discretion where justice so requires. *Durham v. United States*, 401 U.S. 481, 91 S.Ct. 858, 28 L.Ed.2d 200 (1971); *Schacht v. United States*, 398 U.S. 58, 90 S.Ct. 1555, 26 L.Ed.2d 44 (1970); *Taglianetti v. United States*, 394 U.S. 316, 89 S.Ct. 1099, 22 L.Ed.2d 302 (1969). Thus, in *Durham*, a petition filed over six months after the court of appeals took action could be considered by the Court even though it was technically untimely under Supreme Court Rule 22. *Durham v. United States, supra* at 482, 91 S.Ct. at 859, 28 L.Ed.2d at 202. On the other hand, the 120–day time limitation stated in Rule 35 is jurisdictional and cannot under any circumstances be extended by the court. *United States v. Dansker*, 581 F.2d 69, 72 (3d Cir. 1978) (*citing United States v. Robinson*, 457 F.2d 1319, 1319 (3d Cir. 1972)); Fed.R.Crim.P. 45(b)(2). If we were to incorporate into Rule 35 a requirement that a petition for certiorari be *timely* filed to trigger the time for filing the motion, a situation might result in which the Supreme Court would agree to exercise discretionary review of the conviction even though the petition was untimely under Supreme Court Rule 22, while at the same time the district court could not entertain a motion to mitigate the sentence because the Rule 35 120–day jurisdictional period from date of sentencing had run and a belated request for certiorari review could not reactivate it. We decline to interpret Rule 35 in such a fashion as suggested by the appellee and choose instead to examine the purpose of the rule as it relates to the case before us.

Some limitation on jurisdiction to seek a reduction of sentence is necessary to protect the district judges from repeated entreaties by a defendant to change his penalty. *United States v. Dansker, supra* at 73 (citing *United States v. United States District Court*, 509 F.2d 1352, 1356 (9th Cir.) *cert. denied sub nom. Rosselli v. United States*, 421 U.S. 962, 95 S.Ct. 1949, 44 L.Ed.2d 448 (1975)). Rule 35 is intended to establish "clear lines of demarcation so that all concerned would know exactly when the time for filing would expire." *United States v. Mehrtens*, 494 F.2d 1172, 1175 (5th Cir. 1974). Thus, in *Dansker*, the court refused to approve a procedure that would "stand the time restraint of Rule 35 on its head" by allowing a defendant to activate an additional 120–day period by a motion for a new trial several years after judgment. Similarly, in *United States v. United States District Court*, the court held that a defendant's second motion to reduce sentence, filed more than three years after judgment, could not relate back to his original motion so that the district court would have jurisdiction. To permit such a practice, the court observed, would all but nullify the 120–day time limit in the rule and undermine its effectiveness at limiting the period during which the district court has discretionary control over the sentence. *Id.* at 1356. A defendant through his own volition cannot confer jurisdiction to reduce sentence on the district court by purporting to activate a new 120–day period through the filing of a pleading years after the case is essentially over. Accordingly, we hold that appellant could not, by filing a petition for writ of certiorari eight years or more after his conviction, bring himself within the 120–day time period as provided in Rule 35. Otherwise defendants could manipulate the "limitation" of the rule with impunity. In short, this is nothing more than an artifice concocted to obtain jurisdiction for a Rule 35 motion.

The judgment of the district court that it is without jurisdiction to consider appellant's renewed motion for reduction of sentence is

AFFIRMED.