Brian G. BROOKS, Appellant,

v.

UNITED STATES, Appellee.

Nos. 81–652, 81–675, 81–1634 and 82–91.

District of Columbia Court of Appeals.

Submitted Dec. 1, 1982.

Decided March 22, 1983.

Robert E. McMillen, Washington, D.C., appointed by the court, was on the brief for appellant.

Stanley S. Harris, U.S. Atty., and Michael W. Farrell and Helen M. Bollwerk, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Before NEWMAN, Chief Judge, and NEBEKER and FERREN, Associate Judges.

NEWMAN, Chief Judge:

On August 14, 1980, appellant Brian Brooks was convicted of carrying a pistol without a license,[1] possession of an unregistered firearm,[2] and possession of unregistered ammunition.[3] The court sentenced Brooks to one year's probation under the Federal Youth Corrections Act, 18 U.S.C. § 5010(a), on the first charge. On each of the other two charges, Brooks was sentenced to consecutive terms of five days in jail or payment of $250. Payment of $500 within the probation period was made a special condition of probation.

Subsequently, four appeals arose from the sentencing. In No. 81–652, Brooks appeals the denial of motions for reduction and correction of sentence. In No. 81–675, Brooks appeals the denial of a motion for recusal and disqualification. No. 81–1634 is an appeal from the trial judge's failure to

1. D.C.Code § 22–3204 (1977 Supp.).

2. D.C.Code § 6–1811(a) (1977 Supp.).

3. D.C.Code § 6–1861(c) (1977 Supp.).

rule, within the probation period, upon a motion for discharge from probation and set aside of conviction. No. 82–91 is an appeal from the trial court's subsequent order denying as moot appellant's motion for discharge and set aside. All four appeals were consolidated before this court on June 29, 1982.

We dismiss, on appellant's motion, the appeal from the denial of the motions to reduce and correct sentence, No. 81–652. We affirm the trial court's ruling denying appellant's motions for recusal and disqualification, No. 81–675. Finally, we reverse the denial of the motions to discharge and set aside, No. 82–91, and remand for reconsideration as to those issues. This disposition renders moot appeal No. 81–1634.

We remand No. 82–91 because we agree with the United States Attorney that the spirit of the Youth Act requires that the trial court be given an affirmative opportunity to exercise its discretion on this issue.

The 1961 Amendments to the Youth Act created for successful probationers the privilege of obtaining a set aside of their convictions. Act of October 3, 1961, Pub.L. No. 87–336, 75 Stat. 750. The purpose of creating such a privilege was to provide an incentive for good behavior during the probation period. 107 CONG.REC. 8709 (1961) (Comments of Mr. Dodd).

Under § 5021(b) of the Act:

Where a youth offender has been placed on probation by the court, the court may thereafter, in its discretion, unconditionally discharge such youth offender from probation prior to the expiration of the maximum period of probation theretofore fixed by the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youth offender a certificate to that effect.

Thus, the language of the statute provides for a set aside of conviction only if the youth offender is unconditionally discharged prior to the expiration of the probation period. By its terms the statute appears to make the probation period the time within which the judge must act. Under this interpretation, then, the expiration of the probation period would deprive the judge of jurisdiction to consider the probationer's motion.

Some flexibility, however, has been read into the statute by virtue of the legislative history of the Youth Act and of case law in the jurisdiction. Both focus upon the centrality of the probationer's exemplary behavior to the determination of whether discharge and set aside shall be granted. The legislative history suggests that the privilege was created for the truly rehabilitated offender so that he might clear his record and "not be hampered in economic and other opportunities later in life." *Tuten v. United States,* 440 A.2d 1008, 1011 (D.C. 1982) (citing *Doe v. Webster,* 196 U.S.App. D.C. 319, 329, 332 n. 51, 606 F.2d 1226, 1234–35, 1239 n. 51 (1979)), *cert. granted,* — U.S. ——, 103 S.Ct. 206, 74 L.Ed.2d 165 (1982); *Hearings on S. 1114 and S. 2609 Before A Subcomm. of the Senate Comm. on the Judiciary,* 81st Cong., 1st Sess. 70 (1949). This court in *Tuten v. United States, supra,* recognized that legislative purpose when it stressed the connection between a probationer's exemplary behavior and the availability of discharge and set aside. The language of § 5021(b), then, must be interpreted to address the concern of how to give rehabilitated probationers a second chance, rather than as creating a jurisdictional time limit on judicial action.

This interpretation of the statutory provision, as evidenced in the legislative history and case law, suggests that an exemplary probationer ought not be deprived of the opportunity to clear his record when his probation officer has timely filed a recommendation for early discharge and set aside but administrative delay has prevented the trial judge from acting upon that recommendation. The spirit of the Youth Act requires that the trial judge be given an opportunity to exercise his discretion, even if the probation period has expired, in order to assess the probationer's degree of rehabilitation.

In this case, Brooks' probation officer made a timely recommendation, but Judge Ryan was unable to rule on the motion for early discharge and set aside until after the probation period had ended. Thus, it is appropriate to remand, that the trial court may exercise its discretion in this matter.[4]

We address only briefly appellant's other arguments. We find his contentions on the recusal and disqualification issue to be without merit. He has failed to show that the alleged bias on the part of Judge Ryan was personal, rather than judicial, in nature. Super.Ct.Civ.R. 63–I; *In re Evans,* 411 A.2d 984, 994 (D.C.1980); *In re Bell,* 373 A.2d 232, 234 (D.C.1977). Thus, we affirm the trial court's decision in that matter.

Finally, appellant has requested, and the government has not opposed, dismissal of his appeal of the denial of motions for reduction and correction of sentence. Both parties state that *United States v. Nunzio,* 430 A.2d 1372 (D.C.1981), governs this issue.

That case, construing Rule 35(a), requires that judicial action to reduce a sentence or to correct a sentence imposed in an illegal manner must occur within 120 days of the imposition of that sentence. *Id.* Appellant maintains that the two motions fall into the categories addressed in *Nunzio.* He further maintains that since his motions were filed 119 days after imposition of sentence and the judge did not rule on them until 31 days later, *Nunzio, supra,* barred relief even if the judge had wanted to grant it. Given appellant's concession that *Nunzio* is controlling here, we accordingly dismiss this part of the consolidated appeal.

*So ordered.*

---

4. We note that our disposition of the discharge and set aside issue renders moot the appeal in No. 81–1634 from Judge Ryan's failure to rule within the probation period on the motions for discharge and set aside.