**UNITED STATES, Petitioner,**

v.

**Hon. Eugene N. HAMILTON, Associate Judge, Superior Court of the District of Columbia, Respondent.**

**No. 82–1451.**

District of Columbia Court of Appeals.

Aug. 22, 1983.

Before KERN, FERREN and PRYOR, Associate Judges.

## ORDER

PER CURIAM.

Upon consideration of the Petition for Writ of Mandamus, the Oppositions thereto, and the Petitioner's Reply, and it appearing that the trial court violated the provisions of Super.Ct.R.Crim.P. 35(a) by reducing the sentence it had imposed in *United States v. Johnson,* Criminal No. 130–81, 149 days earlier, and it further appearing that this court has rendered its opinion in *United States v. Hamid,* 461 A.2d 1043 (D.C.1983), subsequent to the trial court's untimely order reducing the sentence, it is

ORDERED that the petition is denied with the expectation that the trial court will conform its order to the law decided by *United States v. Nunzio,* 430 A.2d 1372 (D.C.1981); *United States v. Addonizio,* 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).* *See United States v. Moultrie,* 340 A.2d 828 (D.C.1975).

FERREN, Associate Judge, dissenting:

Counsel for Alpha L. Johnson filed a Rule 35(a) motion for reduction of sentence on the 109th day after sentencing. The government did not file its answer until the 133rd day after sentencing. Appellee,

---

* Our dissenting colleague reads the record to fit his conclusions and would have us ignore the plain dictates of the binding precedent in this jurisdiction.

Judge Hamilton, did not rule on the motion—which he granted in part by reducing the aggregate minimum sentence from eight to six years of incarceration—until the 149th day after sentencing.

Appellant had a due process right to have the trial court consider his Rule 35 motion. *See Connecticut Board of Pardons v. Dumschat,* 452 U.S. 458, 467, 101 S.Ct. 2460, 2465, 69 L.Ed.2d 158 (1981) (state system of discretionary parole "conferred no rights on [prisoners] beyond the right to seek commutation"). Moreover, in giving appellant the right to seek a reduction of sentence, the state gave more than a right to file a piece of paper; it granted an opportunity to present the motion "'at a meaningful time and in a meaningful manner.'" *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 102 S.Ct. 1148, 1159, 71 L.Ed.2d 265 (1982) (quoting *Armstrong v. Manzo,* 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965)).

Unlike counsel in *United States v. Hamid,* 461 A.2d 1043 (D.C.1983), who filed on the 118th day, counsel for Johnson filed the motion early enough for the trial court to have ruled within the 120 days established as the jurisdictional limit by *United States v. Nunzio,* 430 A.2d 1372 (D.C.1981). Under the circumstances, therefore, the court's failure to act in a timely fashion may not lawfully be visited upon Johnson. A defendant will not receive an opportunity to present the motion in a "meaningful manner," *Logan, supra,* 102 S.Ct. at 1159, if the trial court's "administrative delay," *see Brooks v. United States,* 458 A.2d 66, 67 (D.C.1983), is allowed to create a jurisdictional bar on a timely filed motion. In holding to the contrary, the court's order in this case violates Johnson's constitutional rights to due process, *Logan, supra,* 102 S.Ct. at 1156–59, and equal protection of the laws. *Id. at 1159–61 (Blackmun, J., concurring). Nothing we said in* Hamid, *supra, can abridge these constitutional rights.*