an element of petitioner's underlying conviction. For one thing, "homicide . . . committed in a cold, calculated and premeditated manner without any . . . moral or legal justification" is not synonymous with premeditated murder. If the language of 1979 Fla. Laws, ch. 79–353, is to carry its natural meaning, the new aggravating factor covers crimes that are more ruthless and coldblooded than ordinary first-degree murder.

More importantly, defending an aggravating factor by reference to elements of the underlying offense is inconsistent with this Court's prior death penalty decisions. The sole purpose of requiring a sentencing authority to balance aggravating factors against mitigating circumstances is to force the sentencer to look beyond the offense to determine whether capital punishment is warranted given the totality of the circumstances surrounding the crime. By amending its death penalty statute, Florida changed the ground rules for judging the totality of the circumstances. This change most definitely prejudiced petitioner.

As the State itself concedes, "[w]hether a retrospective state criminal statute ameliorates or worsens conditions imposed by its predecessor is a federal question." Brief in Opposition 3. Because I believe that the Florida Supreme Court incorrectly decided this question, I would grant the petition and vacate the sentence.* I dissent.

No. 83–6042. JOHNSON *v.* UNITED STATES. Ct. App. D. C. Certiorari denied. JUSTICE BLACKMUN would grant certiorari.

No. 82–2004. NIBUNGCO *v.* UNITED STATES, 464 U. S. 823;

No. 83–561. MORETTI ET AL. *v.* MULTI-PAK CORP. ET AL., 464 U. S. 988;

No. 83–662. GAINES *v.* MERCHANTS NATIONAL BANK & TRUST CO., 464 U. S. 1013; and

No. 83–668. PACE *v.* SOUTHERN RAILWAY CO., 464 U. S. 1018. Petitions for rehearing denied.

---

*Adhering to my view that the death penalty is under all circumstances cruel and unusual punishment forbidden by the Eighth and Fourteenth Amendments, I would vacate the judgment of the Supreme Court of Florida insofar as it left undisturbed the death sentence imposed in this case. *Gregg* v. *Georgia,* 428 U. S. 153, 231 (1976) (MARSHALL, J., dissenting).