Marcus B. LAWRENCE, Appellant,

v.

UNITED STATES, Appellee.

No. 84–76.

District of Columbia Court of Appeals.

Submitted Jan. 28, 1985.

Decided Feb. 25, 1985.

Linda J. Ravdin, Washington, D.C., appointed by this court, was on the brief, for appellant.

Joseph E. diGenova, U.S. Atty., and Michael W. Farrell, Judith Hetherton, and Lynn Lincoln Sarko, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before NEWMAN, TERRY, and ROGERS, Associate Judges.

TERRY, Associate Judge:

Appellant seeks reversal of an order denying, for lack of jurisdiction, his two motions for reduction of sentence. He presents two arguments on appeal; we reject both and affirm the trial court's order.

I

Appellant was arrested for robbery while on parole after a prior conviction of armed robbery. He entered a plea of guilty to the new charge and was sentenced on June 7, 1983, to a prison term of two to six years. On June 16 he filed a motion for reduction of sentence, based largely on his own good behavior in prison since his arrest. He filed a second motion on June 22, arguing that he should be given credit for the time he spent in custody between his arrest and his sentencing.[1] On January 12, 1984, more than seven months after sentence was imposed, the court denied both motions for lack of jurisdiction, citing *United States v. Nunzio,* 430 A.2d 1372 (D.C.1981).

The trial court entered its order 219 days after appellant was sentenced. At that

---

1. At sentencing the court said that appellant would "be given credit for any time served...." This was apparently an allusion to the fact that such credit is given automatically by the prison authorities under 18 U.S.C. § 3568.

time Super.Ct.Crim.R. 35(b) provided in pertinent part, "The Court may reduce a sentence within 120 days after the sentence is imposed...."[2] We have consistently held that this time limit is mandatory and jurisdictional, so that after the 120th day a trial court loses jurisdiction to reduce a sentence. *United States v. Nunzio, supra; accord, United States v. Hamilton,* 465 A.2d 843 (D.C.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1333, 79 L.Ed.2d 728 (1984); *United States v. Hamid,* 461 A.2d 1043, 1044 (D.C.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 718, 79 L.Ed.2d 180 (1984); *see United States v. Addonizio,* 442 U.S. 178, 189, 99 S.Ct. 2235, 2242, 60 L.Ed.2d 805 (1979). The trial court's ruling in this case properly followed these controlling precedents.

■ Relying on some of the authorities cited in *Williams v. United States,* 470 A.2d 302 (D.C.1983),[3] appellant contends that he had a due process right to have his timely filed motions considered on the merits, and that the trial court violated that right by denying his motions for lack of jurisdiction. We rejected that same argument, however, in *United States v. Hamilton, supra,* as the dissenting opinion in *Hamilton* makes clear. *See also United States v. Hamid, supra,* 461 A.2d at 1044–1045.[4]

## II

■ Appellant argues in the alternative that this court may grant him the relief he seeks under the newly amended version of Super.Ct.Crim.R. 35(b). That rule now provides in part:

A motion to reduce a sentence may be made not later than 120 days after the sentence is imposed.... The Court shall

determine the motion within a reasonable time.

We cannot accept this argument because the order amending the rule specifically provided "that this amendment shall take effect on July 1, 1984, and shall govern those motions then pending or filed pursuant to this rule after that date...." Because appellant's motions were filed before July 1, 1984, and were not pending on that date, the amendment was plainly not intended to apply to them.

Furthermore, because the rule as amended requires the court, for the first time ever, to act on a motion for reduction of sentence within a reasonable time, it represents "a clear break with the past." *Desist v. United States,* 394 U.S. 244, 248, 89 S.Ct. 1030, 1033, 22 L.Ed.2d 248 (1969). It should therefore be applied only prospectively. *See United States v. Johnson,* 457 U.S. 537, 549–550, 102 S.Ct. 2579, 2587–2588, 73 L.Ed.2d 202 (1982); *Brodis v. United States,* 468 A.2d 1335 (D.C.1983). Appellant seeks to nullify the effect of *Desist* and similar cases by arguing that *United States v. Nunzio, supra,* was a clear break with the past, and that the amended Rule 35 represents "a return to the pre-*Nunzio* interpretation and practice." He is wrong for at least two reasons. First, even before *Nunzio* there was no mandate, either in the rule or in the case law, that the court consider all Rule 35 motions within a reasonable time. Second, the fact that individual judges in the past may have acted in a manner consistent with the newly amended Rule 35, even ruling on motions for reduction of sentence after the 120th day, does not make the amended rule any less a break with the past. *Brodis v. United States, supra,* 468 A.2d at 1337 n. 2.

---

**2.** The rule has since been amended, but, as we shall see, the amendment is not retroactive.

**3.** The *Williams* opinion itself cannot be cited as authority because, as appellant recognizes, that opinion was vacated when this court granted rehearing en banc. 470 A.2d at 312. After the case was reheard, the judgment of the trial court was affirmed by an equally divided en

banc court, without opinion. *Williams v. United States,* 485 A.2d 950 (D.C.1985) (en banc).

**4.** The record, unfortunately, does not reveal why the trial court took so long to rule on appellant's motions. We are troubled by this unexplained and abnormal delay, but we cannot rely on it to create jurisdiction in the trial court when it would not otherwise exist.

Finally, we note that appellant played no part in amending the rule and thus is not entitled to be rewarded as "the litigant who sought to move the law forward." *Mendes v. Johnson*, 389 A.2d 781, 791 (D.C.1978) (en banc). Nor can it be said, since our decisions in *Hamilton* and *Hamid, supra*, that the new rule involves "a right so fundamental that it implicates the integrity of the fact-finding process and the basic fairness of [a] trial and thus necessarily casts doubt on results reached under the old rule." *Mendes v. Johnson, supra*, 389 A.2d at 791 (citations omitted).

For all of these reasons we hold that appellant is not entitled to relief under the 1984 amendment to Rule 35.

*Affirmed.*