**Bruce E. STERLING, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 85–1093.**

District of Columbia Court of Appeals.

Argued Aug. 15, 1986.
Decided Sept. 26, 1986.

---

Cassandra P. Hicks, with whom Samuel M. Shapiro, Rockville, Md., was on the brief, for appellant.

Saul M. Pilchen, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., and Michael W. Farrell, Judith Hetherton, and Kathleen E. Voelker, Asst. U.S. Attys. Washington, D.C., were on the brief, for appellee.

Before NEBEKER, TERRY, and ROGERS, Associate Judges.

TERRY, Associate Judge:

This is an appeal from an order denying appellant's motion to reduce sentence. Appellant pleaded guilty to second-degree murder[1] and was sentenced to a term of thirteen to forty-five years in prison. Shortly after he entered Lorton Reformato-

---

1. D.C. Code § 22–2403 (1981).

2. Under an amendment to Super.Ct.Crim.R. 35(b), effective July 1, 1984, a motion to reduce sentence may be filed at any time within 120

ry, appellant was stabbed in the back in an unprovoked attack by another prisoner. As a result of his injuries, he is now permanently paralyzed from the waist down and will spend the rest of his life in a wheel chair.

On February 12, 1985, appellant, through counsel, filed a timely motion to reduce sentence.[2] In the motion counsel asserted that appellant's becoming a paraplegic was "the greatest and most severe punishment that he has ever received in his life" and that "[t]o further incarcerate [him] at this time would be an added punishment." The government opposed the motion, maintaining that appellant's injuries provided no basis to modify his sentence.

On April 12, while the motion was still pending, appellant sent a personal letter to the sentencing judge. In the letter appellant discussed his situation in some detail and stated that a therapist had told him his physical condition could be improved if he were given sustained therapy at a rehabilitation center rather than remaining in prison. The letter did not specifically ask that his sentence be reduced, but only that the court "consider my plea for a chance to do something with my life instead of being stored away where I will be forgot about and left to rot sitting in a wheelchair...." A week later, on April 19, the judge replied to appellant's letter with a letter of his own:

Dear Mr. Sterling:

I acknowledge receipt of your letter dated April 12, postmarked April 15, and received in our chambers April 16, 1985.

First, let me hasten to assure you that I am deeply sorry that you have been injured and I can appreciate how you feel after such a tragic incident. I regret, however, that I no longer have the authority to reduce your sentence. Any

---

days after sentence is imposed. The court must then rule on the motion "within a reasonable time." Appellant's motion was filed 110 days after he was sentenced.

change must come from the Parole Board.

On May 9 the court entered an order summarily denying appellant's motion to reduce sentence. The order, which contained only one sentence, made no reference to the exchange of correspondence between appellant and the court. This appeal followed.

Appellant argues in his brief that "it is clear from the letter of April 19, 1985, that the motion [to reduce sentence] was denied for want of jurisdiction." The government argues, on the other hand, that the "straight-forward phraseology" of the May 9 order, which stated without elaboration that the court was "fully apprised of the premises" of the motion, demonstrates that the motion was denied on the merits. We reject both arguments because the record is too ambiguous to enable us to discern why the trial court denied the motion.

Before July 1, 1984, Rule 35(b) required the trial court to rule on a motion to reduce sentence within 120 days after sentence was imposed. In cases arising under the old rule, this court consistently held that the 120-day limit was "mandatory and jurisdictional, so that after the 120th day a trial court [lost] jurisdiction to reduce a sentence." *Lawrence v. United States*, 488 A.2d 923, 924 (D.C.1985) (citations omitted). Under the old rule, therefore, the trial judge would have been without jurisdiction on April 19 (or May 9) to rule on appellant's motion, since by then more than 120 days had passed since the imposition of sentence. Thus it is possible, at least, to read the judge's letter of April 19 as reflecting his mistaken belief that he was bound by the rule as it formerly stood. Since the May 9 order does not plainly state otherwise, we are unable to determine whether that was in fact what the judge believed. To resolve this ambiguity in the record, we must remand the case to the trial court.

Unfortunately, in the time between the filing of the briefs and oral argument in this case, the sentencing judge passed away. The only course open to us, therefore, is to send the case to a new judge for *de novo* consideration of the motion to reduce sentence. We direct the new judge, in ruling on the motion, to state his or her reasons for granting or denying it so that the parties may be properly apprised of the court's judgment.

The order denying appellant's motion to reduce sentence is vacated, and this case is remanded for further proceedings consistent with this opinion.

*Vacated and remanded.*

NEBEKER, Associate Judge, dissenting:

I dissent because, in any event, the trial court was without authority to consider the post-sentence event on a contested motion to reduce sentence. *See Williams v. United States*, 470 A.2d 302, 310 (D.C.1983), and *United States v. Nunzio*, 430 A.2d 1372, 1375 (D.C.1981), and cases cited. There is no ambiguity about that, and this remand order does not address this point. Therefore, when a different judge acts on remand, he is free to consider and rule that the post-sentence event is properly addressed to the other authority; *e.g.*, the Pardon Attorney, the Attorney General (for special treatment), or the parole authorities when timely.