**Mario E. ARGUETA, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 00–CO–261.**

District of Columbia Court of Appeals.

Decided Aug. 17, 2000.

Filed Sept. 28, 2000.

---

James Klein, David Singleton, and Clarence Powell, Public Defender Service, were on the brief for appellant.

Wilma A. Lewis, United States Attorney, and John R. Fisher and Marc O Litt, Assistant United States Attorneys, were on appellee's motion to vacate and remand for further proceedings.

1. D.C.Code § 22–504(a) (1996).

Before TERRY, SCHWELB, and GLICKMAN, Associate Judges.

PER CURIAM:

Appellant, Mario Argueta, entered a plea of guilty to two counts of simple assault [1] pursuant to a plea agreement. The court suspended imposition of sentence and placed appellant on probation for eighteen months under the District of Columbia Youth Rehabilitation Act, D.C.Code § 24–803(a) (1996). He successfully completed his probation on October 9, 1999. Five days thereafter, his probation officer filed a recommendation that appellant be unconditionally discharged from probation and that his convictions be set aside.

The trial court denied the application for unconditional discharge as untimely because it was filed after appellant's probationary term had expired. Appellant then filed a motion asking the court to grant an unconditional discharge *nunc pro tunc* and set aside his convictions, which the government did not oppose. The court again denied appellant relief on the ground that it lacked authority under D.C.Code § 24–806(d) to grant a *nunc pro tunc* unconditional discharge. The court acknowledged the apparent unfairness of its ruling and added, "It may well be in the interest of justice for [appellant] to ask the Court of Appeals to explicitly extend its ruling in [*Brooks v. United States*, 458 A.2d 66 (D.C.1983),] to the current situation."

Appellant noted an appeal and filed his brief, arguing that the trial court had the authority to set aside his convictions *nunc pro tunc*. The government agreed with appellant's position and filed a motion to vacate the trial court's order and remand for further proceedings. We granted the government's motion in an unpublished order entered on August 17, 2000. We now issue this opinion to explain the reasons underlying that order.

When a youth offender has been placed on probation in lieu of imprisonment,

D.C.Code § 24–806(d) gives the trial court discretion to discharge the youth offender unconditionally from probation before the end of the probationary term. Section 24–806(d) provides:

> Where a youth offender has been placed on probation by the court, the court may, in its discretion, unconditionally discharge the youth offender from probation before the end of the maximum period of probation previously fixed by the court. The discharge shall automatically set aside the conviction, and the court shall issue to the youth offender a certification to that effect.

In *Brooks, supra,* this court stated that "an exemplary probationer ought not be deprived of the opportunity to clear his record when his probation officer has timely filed a recommendation for early discharge and set-aside but administrative delay has prevented the trial judge from acting upon that recommendation." 458 A.2d at 67. We held that the trial court had authority to rule on a pending motion for early unconditional discharge even after the youth offender's probation had expired. We now extend that ruling and hold that the trial court has discretion to grant relief *nunc pro tunc* when the recommendation of unconditional discharge and set-aside is filed belatedly, but within a reasonable time after the expiration of the youth offender's probation.

This holding is consistent with the Supreme Court decision in *Tuten v. United States,* 460 U.S. 660, 103 S.Ct. 1412, 75 L.Ed.2d 359 (1983). *Tuten,* like *Brooks,* involved a section of the now-repealed Federal Youth Corrections Act (FYCA), 18 U.S.C. § 5021(b), which was the model for, and virtually identical to, D.C.Code § 24–806(d). Under the FYCA, when a probationer was unconditionally discharged by the court from probation before the end of the probationary term, the discharge automatically set aside the conviction. D.C.Code § 24–806(d) likewise grants an automatic set-aside to a youth offender who is discharged before the end of the probationary term. *Tuten* held, however, that if the probationer was not given an early discharge from probation by the sentencing court, then there could be no automatic set-aside. Significantly, the Supreme Court provided a means of escape from the rigors of its holding. In explaining why the incentive for good behavior on probation is not frustrated by the possibility that a judge may inadvertently fail to grant an early unconditional discharge, the Court said:

> A youth offender who believes that the sentencing court's failure to grant an early unconditional discharge from probation was an oversight may, following the completion of his probationary period, move that court to exercise its discretion to grant him an early unconditional discharge *nunc pro tunc* and to set aside his conviction.

460 U.S. at 668, 103 S.Ct. 1412 (citation omitted). The Court also noted that it was the duty of the probation officer to file, before the expiration of the probationary term, a report evaluating the youth offender's conduct on probation, and to bring to the sentencing court's attention its obligation to consider whether an early unconditional discharge might be warranted. *Id.* at 668 n. 12, 103 S.Ct. 1412. We relied on *Tuten* when we held in *Brooks* that "administrative delay" should not bar a sentencing judge from considering a timely recommendation for early discharge:

> The spirit of the [FYCA] requires that the trial judge be given an opportunity to exercise his discretion, even if the probation period has expired, in order to assess the probationer's degree of rehabilitation.

*Brooks,* 458 A.2d at 67.

In this case the appellant, the government, and the trial judge all agree that the holding in *Brooks* should be "extended," as the trial judge put it, "to the current situation." We agree as well. We have therefore vacated the order before us on appeal

and remanded the case to the trial court for further proceedings.

*Vacated and remanded.*